IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

SARAH RODGER                                                                                        PLAINTIFF

VS.                                           NO: 3:14CV00118-BRW

DOYLE CRAWFORD, *et al.*                                                                     DEFENDANTS

ORDER

Pending are Defendant Middlesex Insurance Company's Motion to Dismiss, or, in the Alternative, Motion to Stay (Doc. No. 4) and Plaintiff's Motion for Reconsideration (Doc. No. 20).

In her Motion for Reconsideration, Plaintiff argues that the resolution of Middlesex's subrogation lien by the Wisconsin court "will not resolve all the issues or enable Rodger to get her settlement proceeds."[1] She also continues to argue that this Court is required to sign off on the settlement. I disagree.

Though Plaintiff in earlier briefing called this a "tentative settlement," it is clear that she has settled the case with the third-party tortfeasors; she just hasn't been paid yet.[2] Notably, Plaintiff says, "If the case had been settled after suit was filed, the settlement would have been approved and distributed in Arkansas by the court in which the suit was filed and before whom all necessary parties would have been joined."[3] This statement supports my position that (1) the case has settled with the third-party tortfeasors, which leaves disbursement as the only issue between them to be resolved; and (2) nothing in the agreement or the law requires a court to approve a settlement agreement for a case that was never filed.

---

[1] Doc. No. 21.

[2] See *Id.* ("Absent a settlement, there is no doubt that this case would have been litigated in Arkansas, where the accident occurred and the tortfeasors reside.").

[3] *Id.*

1

I am not convinced that dismissing this case would disrupt Plaintiff's settlement of the tort case. Plaintiff's argument about the Wisconsin court having to approve their already resolved dispute is without merit -- the only issue to resolve is whether Arkansas or Wisconsin law applies to the lien. Again, the third-party tortfeasors have signed the agreement, and are waiting on Plaintiff and Middlesex to tell them how to disburse the funds. If the third-party tortfeasors do not honor the settlement agreement, the appropriate remedy would be to seek enforcement of the agreement -- *i.e.*, contract -- in federal court.

Accordingly, Defendant Middlesex Insurance Company's Motion to Dismiss, or, in the Alternative, Motion to Stay (Doc. No. 4) is GRANTED in PART and DENIED in PART. Specifically, it is granted only to the extent that it seeks dismissal of the case without prejudice. Plaintiff's Motion for Reconsideration, or, in the Alternative, Motion to Stay (Doc. No. 20) is DENIED. This case is DISMISSED without prejudice.

IT IS SO ORDERED, this 8th day of July, 2014.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE